IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GIANT EAGLE, INC. | ) | CASE NO. 4:09-CV-668 |
| 101 Kappa Drive | ) | |
| Pittsburgh, Pennsylvania 15238 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHELE NICHOLAS, A/K/A | ) | |
| MICHELE R. NICHOLAS, A/K/A | ) | |
| MICHELE MILONE | ) | |
| 3574 Highlawn Avenue SE | ) | |
| Warren, Ohio 44484 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PATRICK SHEEHY, A/K/A | ) | |
| PATRICK J. SHEEHY, A/K/A | ) | |
| PATRICK NICHOLAS | ) | |
| 3574 Highlawn Avenue SE | ) | |
| Warren, Ohio 44484 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EA$Y AUCTIONS, INC. | ) | |
| c/o Michele Nicholas, Statutory Agent | ) | |
| 3574 Highlawn Avenue SE | ) | |
| Warren, Ohio 44484 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

Plaintiff, Giant Eagle, Inc. ("Plaintiff"), for its Complaint against defendants Michele Nicholas, a/k/a Michele R. Nicholas, a/k/a Michele Milone ("Nicholas"), Patrick Sheehy, a/k/a

Patrick J. Sheehy, a/k/a Patrick Nicholas ("Sheehy"), and Ea$y Auctions, Inc. ("Easy") (Nicholas, Sheehy, and Easy may be referred to collectively as "Defendants"), states as follows:

## Jurisdiction and Venue

1. Jurisdiction is founded on 28 U.S.C. § 1332. The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement.

2. Plaintiff is incorporated under the laws of the Commonwealth of Pennsylvania, and maintains its principal place of business in Pennsylvania.

3. Upon information and belief, Nicholas is a resident of the State of Ohio, and lives in Trumbull County, Ohio, at the address shown in the caption above.

4. Upon information and belief, Sheehy is a resident of the State of Ohio, and lives in Trumbull County, Ohio, at the address shown in the caption above.

5. Upon information and belief, Easy is incorporated in the State of Ohio, and maintains its principal place of business in Trumbull County, Ohio, at 169 West Market Street, Warren, Ohio 44481.

6. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(a)(1), (2), and/or (3).

## Factual Background

7. On January 30, 2008, Nicholas and Sheehy submitted an application to Plaintiff for the extension of credit for the purpose of purchasing gift cards in bulk. A true and accurate copy of the Giant Eagle Customer Account Application for Bulk Gift Card Purchases submitted by Nicholas and Sheehy is attached hereto as **Exhibit "A"** (the "Application").

8. The Application was signed in the name of Michele Nicholas by either Nicholas or Sheehy, or by another unknown individual authorized by Nicholas and Sheehy to sign on their behalf.

9. The Application states that Nicholas and Sheehy would be purchasing gift cards in bulk for charitable purposes.

10. The Application states that Nicholas and Sheehy would be purchasing the gift cards for and on behalf of the "Warren VFW Post 0419."

11. The Application states that Nicholas was the President of the "Warren VFW Post 0419."

12. Upon receipt of the Application, Plaintiff contacted both Nicholas and Sheehy by telephone for additional information. In those phone calls, both Nicholas and Sheehy represented to Plaintiff that they were affiliated with the VFW, and that the gift card purchases would be for fundraisers for the patrons of the VFW.

13. The Application was approved by Plaintiff, and assigned account number 14122 (the "Account").

14. Plaintiff sold the gift cards to Nicholas and Sheehy at a discount as a result of the fact that they were being purchased in bulk.

15. All payments on the Account were due within thirty (30) days of the date of each monthly invoice.

16. All of the payments made to Plaintiff on the Account came from checks drawn on an account owned by Easy. The checks were all signed Michele Nicholas by either Nicholas or by another unknown individual authorized by Nicholas to sign on her behalf. Some of the checks referenced the VFW in the memo line.

17. From February, 2008 to September, 2008, Defendants paid Plaintiff $221,217.50 on the Account for bulk gift card purchases.

18. As of September, 2008, the Account was past due.

19. On October 31, 2008, Plaintiff sent a letter to Nicholas and Sheehy, demanding payment on the Account.

20. On October 31, 2008 and November 4, 2008, Plaintiff was notified by VFW Post No. 419 that Nicholas and Sheehy are not affiliated with the VFW Post No. 419.

21. As of February 28, 2009, the unpaid balance due on the Account was $145,368.24.

22. Upon information and belief, Defendants did not provide any of the gift cards to the VFW, but used the Giant Eagle gift cards to purchase other gift cards from other vendors, including pre-paid Visa cards, which cards Defendants sold for their own personal gain.

23. Upon information and belief, Defendants sold the various gift cards at the Easy storefront located at 169 West Market Street, Warren, Ohio 44481, and on Easy's eBay® store, "ea$yauctions."

## <u>COUNT I</u>
## (Breach of Contract – Nicholas and Sheehy)

24. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 23 of its Complaint as if fully set forth herein.

25. Plaintiff has performed its obligations under the Account.

26. Nicholas and Sheehy are in breach of their obligations under the Account.

27. As a direct and proximate result of the breach by Nicholas and Sheehy, Plaintiff has been damaged in the amount of $145,368.24, plus costs and interest.

## COUNT II
### (Action on Account – Nicholas and Sheehy)

28. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1 through 27 of its Complaint as if fully set forth herein.

29. An account was stated between Plaintiff and defendants Nicholas and Sheehy.

30. Defendants Nicholas and Sheehy owe Plaintiff, on the account, the sum of $145,368.24, plus costs and interest.

## COUNT III
### (Unjust Enrichment – All Defendants)

31. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 30 of its Complaint as if fully set forth herein.

32. Plaintiffs conferred a benefit upon Defendants.

33. To permit Defendants to retain the benefit without payment therefore would constitute unjust enrichment at Plaintiff's expense.

34. As a result of the retention by the Defendants of the gift cards provided by Plaintiff, Defendants have been unjustly enriched in the amount of $145,368.24, plus costs and interest.

## COUNT IV
### (Negligent Misrepresentation – Nicholas and Sheehy)

35. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 34 of its Complaint as if fully set forth herein.

36. Nicholas and Sheehy, while acting in the course of a business in which they had a pecuniary interest, failed to exercise due care or competence and supplied false information to Plaintiff as to their affiliation with the VFW, which Plaintiff reasonably and justifiably relied upon to its detriment.

37. As a direct and proximate result of the various misrepresentations by Nicholas and Sheehy to Plaintiff, Plaintiff has been damaged in the amount of $145,368.24, plus costs and interest.

## COUNT V
### (Intentional Misrepresentation/Fraud – Nicholas and Sheehy)

38. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 37 of its Complaint as if fully set forth herein.

39. The statement by Nicholas and Sheehy in the Application that Nicholas and Sheehy would be purchasing gift cards in bulk for charitable purposes was material and false when made.

40. The statement by Nicholas and Sheehy in the Application that Nicholas and Sheehy would be purchasing the gift cards on behalf of the "Warren VFW Post 0419" was material and false when made.

41. The statement by Nicholas and Sheehy in the Application that Nicholas was the President of the "Warren VFW Post 0419" was material and false when made.

42. The statements made by Nicholas to Plaintiff on the telephone, as referenced in paragraph 12 above, were material and false when made.

43. The statements made by Sheehy to Plaintiff on the telephone, as referenced in paragraph 12 above, were material and false when made.

44. The materially false representations referenced above were knowingly made by Nicholas and Sheehy.

45. The materially false representations were knowingly made by Nicholas and Sheehy with the intent of misleading Plaintiff in reliance on the representations.

46. Plaintiff reasonably relied upon the misrepresentations made by Nicholas and Sheehy.

47. As a direct and proximate result of the reliance on Nicholas and Sheehy's misrepresentations, Plaintiff has been damaged in an amount to be determined at trial, including compensatory damages in the amount of $145,368.24, punitive damages as warranted by the evidence, and reasonable attorneys' fees.

## COUNT VI
### (Fraudulent Inducement – Nicholas and Sheehy)

48. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 47 of its Complaint as if fully set forth herein.

49. The Account with Plaintiff was fraudulently induced by Nicholas and Sheehy as a result of their fraudulent representations referenced above.

50. As a direct and proximate result of the fraudulent inducement by Nicholas and Sheehy, Plaintiff has been damaged in an amount to be determined at trial, including compensatory damages in the amount of $145,368.24, punitive damages as warranted by the evidence, and reasonable attorneys' fees.

## COUNT VII
### (Conspiracy to Defraud – All Defendants)

51. Plaintiff herby incorporates by reference all of the allegations contained in paragraphs 1 through 50 of its Complaint as if fully set forth herein.

52. Defendants conspired to defraud Plaintiff by misrepresenting that Nicholas and Sheehy were affiliated with the VFW and/or authorized to act on its behalf, both before the Account was approved, and as Plaintiff continued to sell the gift cards to Defendants.

53. Defendants all had knowledge of the conspiracy, all participated in the formation and/or continuation of the conspiracy, and all acted to further the conspiracy.

54. Defendants' conspiracy to defraud and injure Plaintiff is unlawful and the underlying fraud perpetuated by the said Defendants is also unlawful.

55. As a direct and proximate result of Defendants' conspiracy, Plaintiff has been damaged in an amount to be determined at trial, including compensatory damages in the amount of $145,368.24, punitive damages as warranted by the evidence, and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays that judgment be granted in its favor and against Defendants, jointly and severally, for the following relief:

(a) Compensatory damages, in the amount of $145,368.24;

(b) Punitive damages, in an amount to be determined;

(c) Pre and post-judgment interest;

(d) Costs;

(e) Reasonable attorney fees; and

(f) Such other and further relief that this Court deems just and proper.

Respectfully submitted,

s/ Stephen D. Dodd
Ronald P. Friedberg (0055304)
Stephen D. Dodd (0072658)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122
Phone: (216) 831-0042
Fax:    (216) 831-0542
Email: rfriedberg@meyersroman.com
       sdodd@meyersroman.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury, by the maximum number of jurors allowed by law, on all issues so triable.

<div style="text-align: right;">

s/ Stephen D. Dodd  
Stephen D. Dodd

</div>